UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JOSEPH CUNNINGHAM,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondent. | No. 1:25-cv-00180-SKO (HC)<br><br>ORDER STAYING ORDER REQUIRING RESPONDENT TO FILE A RESPONSE<br>(Doc. 7)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>ORDER CONSTRUING PETITION AS MOTION TO AMEND<br>(Doc. 9)<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION TO AMEND PETITION |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 24, 2025, Petitioner filed a habeas petition in the Sacramento Division of the Eastern District of California. (Doc. 1.) Because Petitioner is incarcerated in the Federal Correctional Institution in Mendota, California, and the institution lies within the Fresno Division of the Eastern District, the case was transferred to this Court on February 11, 2025. (Doc. 4.)

In the initial petition, Petitioner argued that the Bureau of Prisons ("BOP") wrongfully calculated his sentence credits by deeming him ineligible for full First Step Act credits due to a warrant/detainer which was quashed on November 15, 2024. (Doc. 1.) On February 13, 2025, the Court issued an order directing Respondent to file a response to the petition. (Doc. 7.)

On April 7, 2025, Petitioner filed a subsequent petition for writ of habeas corpus. (Doc. 9.) A second petition filed while another one is pending is generally construed as a motion to amend the first petition. Goodrum v. Busby, 824 F.3d 1188, 1192 (9th Cir. 2016); see also Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008). A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see also Rule 12 of the Rules Governing § 2254 Cases (recognizing general applicability in habeas of rules of civil procedure). Federal Rules of Civil Procedure 15(a)(1) and (2) provide in part that a party may amend its pleading once as a matter of course or with the court's leave. The court should freely give leave when justice so requires. See Fed. R. Civ. P. 15(a)(2).

The proposed amended petition does not raise any of the challenges presented in the original petition. Rather, Petitioner appears to take issue with his conviction. Although nearly the entirety of the petition is historical commentary, it appears Petitioner is complaining that he was unconstitutionally found guilty of being a felon in possession of a firearm. (Doc. 1 at 1, 34.) He claims the conviction abrogated his Second Amendment right to possess and bear firearms.

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Jones v. Hendrix, 599 U.S. 465, 469 (2023); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Jones, 599 U.S. at 469; Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

Petitioner was convicted of being a felon in possession of a firearm in the United States District Court for the Eastern District of Washington. See United States v. Cunningham, Case No.

2:22-cr-0061-RMP-1.[1] Therefore, only the Washington District Court has jurisdiction to consider Petitioner's claims.

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. Jones, 599 U.S. at 474; Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[T]he saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones, 599 U.S. at 478. "[I]f - and only if – § 2255's remedy by motion is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Jones, 599 U.S. at 471 (quoting 28 U.S.C. § 2255(e)); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). To show § 2255 constitutes an "inadequate and ineffective" remedy, a petitioner must: (1) make a claim of actual innocence; and (2) show he has never had an 'unobstructed procedural shot' at presenting the claim. Shephard v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1076 (9th Cir. 2021); Ivy v. Pontesso, 328 F.3d 1057, 1059-1060 (9th Cir. 2003); Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; accord Marrero, 682 F.3d at 1192.

Petitioner cannot satisfy the savings clause and proceed on his claims in this Court, because he cannot show he has never had an unobstructed procedural opportunity to present his claims. Review of the docket in his Washington case shows the matter is currently on appeal before the Ninth Circuit. Therefore, several remedies are readily available to Petitioner including the appeal as well as a motion to vacate pursuant to 28 U.S.C. § 2255.

For the foregoing reasons, it is recommended that Petitioner's motion to amend be denied.

**ORDER**

IT IS HEREBY ORDERED:

1) Petitioner's successive petition (Doc. 9) is CONSTRUED as a motion to amend;
2) The Court's order directing Respondent to file a responsive pleading (Doc. 7) is

---

[1] See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

|   |   |
|---|---|
| 1 | STAYED pending resolution of the motion; and |
| 2 | 3) The Clerk of Court is DIRECTED to assign a district judge to the case. |

### RECOMMENDATION

The Court HEREBY RECOMMENDS that Petitioner's motion to amend the petition be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **April 9, 2025**                           /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE