UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JOSEPH CUNNINGHAM,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI-MENDOTA,<br><br>Respondent. | No. 1:25-cv-00180-KES-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION**<br><br>**[Doc. 19]**<br><br>**[21-DAY OBJECTION DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On January 24, 2025, Petitioner filed the instant habeas petition. (Doc. 1.) On May 22, 2025, Respondent filed a motion to dismiss the petition. (Doc. 19.) Petitioner did not file an opposition to the motion. Upon review of the pleadings, the Court finds that Petitioner has failed to exhaust administrative remedies and failed to state a claim for relief. Accordingly, the Court will RECOMMEND Respondent's motion be GRANTED and the petition be DISMISSED with prejudice for failure to exhaust administrative remedies and failure to state a claim.

**DISCUSSION**

**I.      Background**

Petitioner is serving a sentence of 41 months on his 2024 conviction of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). United States v.

1

Cunningham, Case No. 2:22-cr-00061-RMP-1 (E.D. Wa. April 30, 2024).[1]

Petitioner is incarcerated at the Federal Correctional Institution in Mendota, California. In his petition, he claims that the Bureau of Prisons ("BOP") improperly determined him ineligible for prerelease placement in a halfway house. He seeks release from custody or placement in a halfway house for the remainder of his term.

## II.     Jurisdiction to Review BOP Discretionary Decisions

As an initial matter, the Court notes that it lacks jurisdiction to grant the relief Petitioner seeks. The BOP has exclusive authority to determine a prisoner's place of imprisonment, including home confinement, and the BOP's placement decisions are "not reviewable by any court." See 18 U.S.C. § 3621(b); see also 18 U.S.C. § 3624(c) (providing the BOP with discretionary authority to place certain prisoners in home confinement but noting "nothing in [§ 3624(c)] shall be construed to limit or restrict the authority of the [BOP Director] under section 3621"). Pursuant to Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011), district courts in this Circuit "consistently have found that there is no jurisdiction under Section 2241 to review the BOP's discretionary inmate placement decisions, including those regarding halfway houses and/or home confinement." Tate v. Warden, FCI Victorville II, No. 2:24-CV-08910-JWH (GJS), 2024 WL 5190212, at *4 (C.D. Cal. Nov. 15, 2024), *report and recommendation adopted*, No. 2:24-CV-08910-JWH (GJS), 2024 WL 5187847 (C.D. Cal. Dec. 20, 2024) (collecting cases).

As a result, the Court is without jurisdiction to grant Petitioner's request to order the BOP to place him on home confinement or in a halfway house. Finding that Petitioner is entitled to immediate release into home confinement would require the Court to usurp BOP authority and determine where Petitioner should serve the final portion of his sentence.

## III.    Failure to State a Claim under the First Step Act

To the extent Petitioner contends he is entitled to application of First Step Act credits, he fails to state a claim. The First Step Act was enacted on December 21, 2018, and implemented a number of prison and sentencing reforms, including computation of good time credits, reducing

---

[1] See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

and restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the Fair Sentencing Act, and the availability of early release. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

Under the First Step Act, prisoners "who successfully complete[ ] evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). A prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii).

According to subparagraph (C) entitled "Application of time credits toward prerelease custody or supervised release,"

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, *as determined under section 3624(g),* into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C) (emphasis added). Accordingly, the Director shall transfer into prerelease custody or supervised release only those prisoners determined eligible under section 3624(g). Section 3624(g)(1), entitled "Eligible prisoners," limits eligibility for application of FSA credits to those prisoners who have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or ha[ve] maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C.A. § 3624(g)(1)(B).

As noted by Respondent, under the most recent risk assessment utilizing BOP'S "PATTERN" assessment program, Petitioner has been determined to have a medium risk of recidivism. (Doc. 19-1 at 14.) Petitioner has not shown a demonstrated recidivism risk reduction or a minimum to low recidivism risk. Thus, he is statutorily barred from application of FSA time credits.

**IV.    Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any

3

circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

Respondent submits that Petitioner has not even attempted to exhaust administrative remedies. (Doc. 19-1 at 3.) The exhaustion requirement "is not lightly to be disregarded." Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted). A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme[.]" Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted). The exhaustion requirement should not be excused in this case because Petitioner has deliberately bypassed the administrative scheme, and permitting the petition to go forward would only encourage further deliberate bypass of the administrative process. Had he properly sought administrative relief, the BOP would have advised him of his risk recidivism status and his ineligibility for application of FTCs pursuant to 18 U.S.C. §§ 3632(d)(4)(C); 3624(g). Petitioner's disagreement with the BOP's determination is

4

not a sufficient reason to bypass administrative review.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:  **July 11, 2025**              /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE