UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JOSEPH CUNNINGHAM,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, FCI-MENDOTA,<br><br>  Respondent. | No. 1:25-cv-00180-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Docs. 19, 20 |

Petitioner Aaron Joseph Cunningham is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 14, 2025, the assigned magistrate judge issued findings and recommendations to grant respondent's motion to dismiss the petition for failure to exhaust administrative remedies and failure to state a claim. Docs. 19, 20. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. No objections have been filed, and the deadline to do so has passed.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis. The dismissal is without prejudice as to any claim dismissed for lack of subject matter jurisdiction and as to any claim raised that petitioner may later exhaust through the administrative remedy process. *See City of Oakland v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009), *as amended* (Aug. 20, 2009) ("[F]ailure to exhaust administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice.").

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681–682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Accordingly,

1. The findings and recommendations issued on July 14, 2025, Doc. 20, are adopted;
2. Respondent's motion to dismiss, Doc. 19, is granted;
3. The petition for writ of habeas corpus, Doc. 1, is dismissed without prejudice;
4. The Clerk of Court is directed to enter judgment and close the case; and
5. In the event a notice of appeal is filed, no certificate of appealability is required.

IT IS SO ORDERED.

Dated: August 26, 2025

_____
UNITED STATES DISTRICT JUDGE